**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7242

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AARON LAMONT DAWKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:01-cr-00223-H-ALL; 5:05-cv-172-H)

Submitted: September 22, 2006          Decided: October 12, 2006

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Aaron Lamont Dawkins, Appellant Pro Se. Anita Gorecki-Robbins, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aaron Lamont Dawkins seeks to appeal the district court's order denying his motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion.* The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Dawkins has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral

---

*The district court's order denying § 2255 relief was entered on its docket on December 6, 2005, and Dawkins relayed his motion to alter or amend that order to prison officials for mailing on December 28, 2005, more than ten days later. Dawkins' motion is therefore properly construed as arising under Fed. R. Civ. P. 60(b). So construed, the motion did not toll the appeal period. Consequently, Dawkins' July 12, 2006 notice of appeal is timely only as to the court's May 16, 2006 order denying the motion to alter or amend.

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>